BIJAL V. VAKIL (Cal. Bar No. 192878)
bvakil@whitecase.com
NOAH A. BRUMFIELD (Cal. Bar No. 203653)
nbrumfield@whitecase.com
JEREMY K. OSTRANDER (Cal. Bar No. 233489)
jostrander@whitecase.com
KAO-YU HSU (Cal. Bar No. 264997)
kaoyu.hsu@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: 650 213 0300
Facsimile: 650 213 8158

ATTORNEYS FOR PLAINTIFF
Altis Semiconductor SNC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTIS SEMICONDUCTOR SNC<br><br>Plaintiff,<br><br>vs.<br><br>QIMONDA LICENSING LLC<br><br>AND<br><br>QIMONDA AG, a/k/a QIMONDA AG i.In.<br><br>Defendants. | Civil Case No.: 4:12-cv-03227-PJH<br><br>AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200; BREACH OF FIDUCIARY DUTY; INTENTIONAL INTERFERENCE WITH CONTRACTUAL OBLIGATIONS; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTEREFRENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND UNJUST ENRICHMENT<br><br>JURY TRIAL DEMANDED |



WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

1. Plaintiff Altis Semiconductor SNC ("Altis" or "Plaintiff") files this Amended Complaint for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, breach of fiduciary duty, intentional interference with contractual obligations, intentional interference with prospective economic advantage, unjust enrichment, and for the relief sought herein against Defendants Qimonda Licensing LLC and Qimonda AG (a/k/a Qimonda AG i.In.) (collectively, "Defendants"). Altis alleges as follows:

**SUMMARY OF THE CASE**

2. Plaintiff Altis was initially created as a joint venture between the French operations of IBM Microelectronics and Infineon Technologies (a predecessor entity to the Qimonda Defendants). Altis operated under a research and development agreement, a joint venture, with Infineon (and later Qimonda AG) focusing on advanced semiconductor technologies for approximately a decade. Since becoming a stand-alone company in 2010, Altis has continued its strong tradition of delivering advanced semiconductor technologies to the marketplace and has made significant advances and investments in the field of semiconductor manufacturing. For example, Altis has invested over 1 billion Euros into its highly automated semiconductor production facilities and provides the largest eight inch complementary metal-oxide semiconductor (CMOS) foundry capacity in Europe. Altis is a leading European manufacturer of cutting-edge memory and logic products that are components in a broad range of computing devices.

3. This case is about the wrongful licensing of the jointly held intellectual property of the joint venture between Altis and Qimonda AG to the commercial detriment of Altis' cutting edge research and development ventures. Prior to its insolvency, Defendant Qimonda AG (and its predecessor-in-interest Infineon) worked collaboratively with Altis to develop various memory semiconductor intellectual properties that the joint venture could then commercialize in the form of memory chips manufactured and sold by the two companies. But no longer.

4. After failing in the semiconductor business and entering insolvency, Qimonda AG specifically created licensing vehicles for the bankrupt entity's intellectual property portfolio, and targeted users in the United States and particularly California. Upon information and belief,

Defendant Qimonda AG (now known as Qimonda i.In), and its specialized US subsidiary, Defendant Qimonda Licensing LLC operating out of Florida, focus on aggressively marketing the Qimonda Defendants' intellectual property portfolio. This has taken the form of marketing and sale and/or licensing activities in the United States of various assets that include intellectual property of significant competitive value that was created jointly by Plaintiff Altis and Qimonda AG.

5. Instead of successfully pursuing the design and development of highly competitive memory technology through the exploitation of these intellectual property assets as agreed upon in the Joint Development Agreements, Qimonda AG, acting by and through its agent Qimonda Licensing LLC, has sold, licensed or transferred the parties valuable joint assets to third parties that Altis was already engaged in joint development with, in breach of the fiduciary duties owed to Altis as a former joint venture partner, and interfering with ongoing contractual relations and business opportunities of Altis. For example, Qimonda AG, acting by and through its agent Qimonda Licensing LLC had full knowledge that such sale, license or transfer would be to the detriment of its former joint venture partner by interfering with ongoing joint development projects related to advanced semiconductor technology between Altis and Adesto Technologies Corp. ("Adesto"), and, potentially, others.

**THE PARTIES**

1. Plaintiff Altis Semiconductor SNC is a company incorporated under the laws of France, having its registered office at 91, rue du Faubourg Saint Honorém, 75008 Paris, France.

2. Upon information and belief, Defendant Qimonda AG (also known as Qimonda AG i.In) is a company duly organized and existing under the law of Germany, with a principal place of business at Gustav-Heinemann-Ring 212, 81739 Munich, Germany. Qimonda AG was spun off from Infineon AG in May, 2006 for the purposes of continuing Infineon's research, development, and commercialization of memory semiconductors.

3. Upon information and belief, on or about January 23, 2009, Qimonda AG filed for insolvency in Germany, and on or about April 1, 2009, the Local Court of Munich opened



WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

insolvency proceedings over the estate of Qimonda AG and appointed Rechtsanwalt Dr. Michael Jaffé as insolvency administrator.

4. Defendant Qimonda Licensing LLC is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 101 NE 3rd Ave., Ste. 1500, Fort Lauderdale, FL 33301.

5. On information and belief, Defendants maintain systematic and continuous presence in California to sell, license, and/or market intellectual property rights owned or controlled by Qimonda AG, such as negotiating and/or entering into agreements with companies located in California for license or assignment of certain United States patents.

**JURISDICTION AND VENUE**

6. This Court has diversity and supplemental subject matter jurisdiction over all state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Upon information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the California Long Arm Statute, due at least to their substantial contact with this forum, including Defendants' efforts to sell Plaintiff's joint assets to one or more companies located in California, Defendants' actions targeting Plaintiff's relationship with at least one California company, and other business activities alleged below.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(a) and 1391(c) because, on information and belief, a substantial part of the events giving rise to the claim occurred within this District. Further, on information and belief, Defendants are subject to personal jurisdiction in this District for at least the same reasons noted above with respect to personal jurisdiction within the State of California.

**FACTUAL ALLEGATIONS**

**Altis' Trailblazing History and Business**

9. Altis came into being in 1999 as a joint venture between the French operations of IBM Microelectronics and Infineon Technologies (a predecessor entity to the Qimonda Defendants).

10. At that time, Altis inherited IBM-France's semiconductor manufacturing facility as well as its tradition of research and development (R&D) expertise, including several of IBM's skilled employees. IBM-France had existed in France since the early 1940's and from the mid-1960's forward, IBM-France had been a premier site of semiconductor manufacturing for a wide range of technologies including dynamic random access memory ("DRAM").

11. In the time period from approximately 2003 to 2007, Altis operated as a dedicated research and development platform for Infineon/Qimonda AG, and provided Qimonda AG with foundry services. Infineon/Qimonda AG caused Altis to enter into Joint Development Agreements ("JDAs"), while Altis was still a joint venture of Infineon/Qimonda AG and IBM-France, with the intention to develop breakthrough memory technologies that the parties would then use to manufacture and sell memory semiconductors. In drafting the intellectual property ownership terms of the JDAs governing this collaboration, Infineon/Qimonda AG leveraged its power as one-half owner of Altis to obtain imbalanced rights to the products of the JDAs.

**Altis' History of Innovation**

12. Innovation in memory, in part, is predicated upon the ability to minimize the scale and maximize the efficiency of memory chips that are increasingly being used in almost every type of electronic device. Altis has a long history of this type of innovation in memory products. Indeed, Altis has consistently reinvested around 15%−20% of its annual revenue to research and develop next-generation semiconductor technologies. The French government has also acknowledged Altis' trailblazing research and development with research funds. Presently, the key next-generation memory technologies under development include magnetic random access memory ("MRAM") and conductive bridging random access memory ("CBRAM").

13. The semiconductor memory industry widely recognizes the strong competitive advantages available to semiconductor manufacturers that are able to adopt these next generation technologies and integrate MRAM and/or CBRAM technologies into current manufacturing processes. Consequently, there is significant competition in the development of these technologies across the industry. Indeed, these higher value, highly competitive next-generation

MRAM and CBRAM technologies were at the core of the joint venture relationship between Altis and the Defendants.

14. MRAM was developed by Altis and others that compete with Altis and Qimonda in the manufacture of memory to replace traditional RAM technologies. Unlike conventional RAM technologies that store information as an electric charge in a capacitor that draws constant power, in MRAM data is stored by magnetic storage elements. Because MRAM is "non-volatile" — meaning it retains the information stored in it even when not receiving power, unlike traditional DRAM – it is markedly more power efficient. Thus, in general, MRAM has similar density as DRAM but much lower power consumption, and is much faster and suffers no degradation over time in comparison to flash memory. Today, CBRAM, also a new form of non-volatile computer memory, is being developed by Altis and its manufacturing competitors to replace the widely used flash memory. This technology can provide a combination of faster performance, lower power consumption, and better memory density which renders many handheld electronic devices faster, lighter, cheaper, and longer lasting. Altis' efforts to develop MRAM and CBRAM products have resulted in a series of joint venture agreements with Defendants — the Joint Development Agreements discussed above — and later with Adesto, a Silicon Valley based semiconductor development company. The actions of Altis' former joint venture partners (and before that, joint venture owners), Qimonda AG (aka Qimonda AG i.In) and Qimonda Licensing LLC, to disclose, sell and/or license the intellectual property arising from the Joint Development Agreements have been to the detriment of Altis, a breach of the duty owed to a former joint venture partner of Qimonda AG. These actions have undermined the ability of Altis to innovate and improve its products' profitably over the course of its joint CBRAM development with Adesto.

15. Altis must be able to maintain its pace of investment in innovation and capitalize on that investment.[1] Indeed because MRAM and CBRAM were (and are) being competitively

[1] The French government has recognized Altis' dedication and contribution to France's semiconductor industry. Since 2003, various French governmental entities have provided more than $30 million in financial aid to sponsor Altis' research and development of MRAM and CBRAM technologies.



WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

developed by other companies in the memory fabrication industry, Altis' investment is put at risk if its former joint venture partner is able to wantonly divest Altis of the competitive value of the parties jointly owned IP.

**Background of Relationship between Altis and Adesto**

16. On or about April 16, 2008, Altis and Adesto, a California corporation headquartered at 1250 Borregas Ave., Sunnyvale, CA 94089, agreed to jointly develop CBRAM technologies. Based on the agreement, both parties engaged in discussions concerning the supply by Altis of development and foundry services for CBRAM technology and disclosed to each other certain proprietary information. On or about October 27, 2008, Altis and Adesto entered into a second agreement to collaborate in developing CBRAM technology for use in semiconductor products.

17. Since then, Altis has invested enormous resources working on various CBRAM projects with Adesto, such as collaborating with Adesto to develop new design or manufacturing processes, providing facilities/equipment for test production, and contributing at least $10M equity investment to fund Adesto's operation.

**Background of Joint Venture Relationship between Altis and Qimonda AG**

18. Altis and the Qimonda Defendants have a long history as joint venture partners focused on the development of cutting-edge memory technologies for use in the parties' respective manufacturing and chip sales, including MRAM and CBRAM as a next-generation technology the joint venture partners intended to commercialize.

19. On or about October 20, 2003, Altis and Infineon Technologies MP Development Center France ("Infineon") — on information and belief, a predecessor entity to Defendant Qimonda AG — entered into a Joint Development Agreement ("2003 JDA"). At the time, Altis was still a joint venture of Infineon and IBM-France. The 2003 JDA provided that:

a. both parties cooperate in the design and the development of a MRAM product and a next generation MRAM technology for the use in manufacture and sale of the parties' memory chips;



WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

b. parties further agree that the objective of the MRAM Project was to develop highly competitive semiconductor technology to be incorporated in the parties' manufactured products;

c. a party receiving confidential information disclosed by the other shall not disclose such information to third parties unless otherwise specified in the Agreement; and

d. both parties shall jointly own all patents issued from any invention conceived through the course of joint development.

The Agreement's effective date was from October 20, 2003 through June 30, 2006.

20. On or about August 6, 2005, Altis and Infineon agreed to expand the scope of the 2003 JDA to cover CBRAM technologies and to extend the term of the 2003 JDA to December 31, 2006.

21. On or about May 1, 2006, Qimonda AG was founded after the spin-off of Infineon's memory chip business. Infineon subsequently transferred all its rights and obligations under the 2003 JDA to Qimonda AG. Qimonda AG continued Infineon's business of developing, manufacturing, and selling memory worldwide, including the United States.

22. On or about August 3, 2007 Altis and Qimonda AG entered into a Joint Development Agreement ("2007 JDA") where:

a. both parties agreed to further jointly develop MRAM and CBRAM technologies; and

b. for confidential information disclosed by one party to another, the receiving party shall not disclose such information to third parties unless otherwise specified in the Agreement.

The Agreement was to be in effect from January 1, 2007 through September 30, 2007.

23. Upon the completion of the joint development agreements between Altis and Qimonda AG in late 2007, on information and belief at least two of Altis' leading R&D engineers — Philippe Blanchard and Rock Dittrich — who substantially participated in those joint development projects on Altis' behalf and possessed Altis's valuable know-how (including, but not limited to, mental and physical items relating to the CBRAM technologies) ("Altis Know-

How"), left Altis to join Qimonda AG ("Former Altis Engineers"). On information and belief, at least one of these Former Altis Engineers (i.e., Philippe Blanchard) is a sole inventor of one of the Patents at Issue as defined below.

**Defendants' Wrongful Disposal of Altis' Co-Owned IP Assets and Resulting Significant Harm to Altis**

24. After a half decade of close joint development efforts, including four years with the Infineon spin-off Qimonda, Defendants began taking actions to harm its joint venture partner, Plaintiff Altis. This harmful course of conduct was discovered in approximately October 2010. The Qimonda Defendants have engaged in a course of conduct involving the sale and/or licensing of intellectual property co-owned or solely owned by Altis that arose from the joint development agreement. As detailed below, Defendants (i) disposed of certain Altis intellectual property rights to the detriment of Altis; and (ii) interfered with Altis' contractual relationship with Adesto regarding CBRAM technologies.

25. On or about April 1, 2009, Qimonda AG discontinued production of semiconductor memory products.

26. On information and belief, on or about October 9, 2009, Qimonda Licensing LLC was created for the sole purpose of monetizing the intellectual property assets owned by Qimonda AG.

27. On information and belief, one of Qimonda Licensing LLC, operating from the state of Florida, targeted Adesto among other companies in the State of California and elsewhere, as a potential acquirer of certain intellectual property assets, including Altis' co-owned or solely owned intellectual property assets. On information and belief, Defendants knew of Adesto's ongoing relationship with Altis to jointly develop CBRAM technologies when Defendants targeted Adesto in its efforts to license Altis' competitively sensitive IP assets. Despite such knowledge, however, in or about the summer and fall of 2010, Defendants actively solicited Adesto to purchase and/or license certain CBRAM-related intellectual property co-owned by Altis and Qimonda AG through their joint development relationship. On information and belief, Adesto employed the Qimonda employees discussed above that were also Former Altis Engineers



WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

who possessed Altis Know-How, including knowledge of the potential to commercialize the inventions covered by those CBRAM-related patents as a result of Altis and Qimonda AG's joint development relationship. Based on the Altis Know-How known to the Former Altis Engineers, Adesto was able to identify the six most commercially valuable CBRAM-related patents co-owned by Qimonda AG and Altis through their joint development relationship: United States Patent Nos. 7,515,454, 7,658,773, 7,732,888, 7,888,228, and 8,115,282, and United States Patent Application Publication No. 20080217670 (the "Patents at Issue").

28. On information and belief, Defendants, knew of and approved the use of Altis' Know-How by former Qimonda employees (that were also Former Altis Engineers) to choose the most commercially valuable intellectual property in the course of licensing and/or selling intellectual property co-owned or solely owned by Altis to Adesto. In so doing, Defendants failed to protect confidential information owned by Altis as required by the JDAs with Altis and violated the fiduciary duties owed to Altis as a former joint venture partner involving highly sensitive and valuable know-how and other proprietary and confidential information.

29. On information and belief, Qimonda AG, by itself or through Qimonda Licensing LLC, subsequently sold its co-ownership of the Patents at Issue and other IP assets[2] to Adesto knowing the sale would cause serious harm to Altis' interest in its ongoing joint development relationship with Adesto, including the ongoing development of CBRAM technologies.

30. Defendants' disregard for their joint venture partner is further reflected in the continuing harm caused by, on information and belief, the decision to give away Altis' intellectual property without so much as a limit on Adesto's ability to license the IP to third parties. On information and belief, after acquiring Qimonda AG's co-ownership of the Patents at Issue, Adesto was not foreclosed from and has since sublicensed those patents to certain third parties, including competitors likely to make use of the patents to Altis' detriment.

31. On information and belief, to facilitate the sale or license of the CBRAM-related patents co-owned by Altis and Qimonda AG through their joint development relationship,

[2] On information and belief, these IP assets include more than 25 patents relating to CBRAM technologies and a license to many other patents, some of which are co-owned by Altis and Qimonda AG.



WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

Defendants disclosed Altis Know-How and/or Altis confidential information to third parties such as Adesto during the course of negotiation and/or transaction.

32. At no time did Altis authorize the Defendants to assign or license the Patents at Issue, or other patents co-owned by Altis and Qimonda AG through their joint development relationship to Altis' detriment.

33. At no time was Altis notified by the Defendants of, nor did Altis agree to, the disclosure of Altis Know-How and/or Altis confidential information to third parties, to Altis' detriment.

34. Defendants' unfair and/or unlawful actions alleged herein constitute a breach of the fiduciary duty Qimonda AG owed to Altis under the JDA by disclosing Altis Know-How and/or Altis confidential information to third parties such as Adesto during the course of negotiating the sale or license of the CBRAM-related patents co-owned with Altis through joint development relationship.

35. Defendants engaged in unfair and/or unlawful conduct in selling Qimonda AG's co-ownership of the Patents at Issue to Adesto, with the intent to interfere with the continuing contractual relationship between Altis and Adesto to jointly develop CBRAM technologies.

36. Defendants engaged in unfair and/or unlawful actions in selling Qimonda AG's co-ownership of the Patents at Issue to Adesto, with the intent to interfere with Altis' prospective economic advantage from an ongoing joint development relationship with Adesto involving the development of CBRAM technologies.

37. Because Altis transacts business by manufacturing, selling, or offering to sell products containing memory and logic, including CBRAM technologies, Altis is a direct participant and competitor in the supply of memory products involving CBRAM technologies. Altis also possesses the assets to compete and would continue to compete in this business, through the development on its own and/or through its joint development with Adesto, but is foreclosed or threatened to be foreclosed from continuing doing so because of Defendants' unfair and unlawful actions, as discussed herein.

38. Defendants have engaged in an unfair and unlawful scheme, which includes, but is not limited to: (1) wrongful disclosure of Altis Know-How and/or Altis confidential information to third parties such as Adesto in order to facilitate the sale or license of the CBRAM-related patents co-owned with Altis through their joint development relationship; and (2) having sold Qimonda AG's co-ownership of the Patents at Issue to Adesto with the intent to interfere with the continuing contractual relationship between Altis and Adesto to jointly develop CBRAM technologies.

39. Defendants' acts and conduct are deceptive, unconscionable, and unfair as to Altis, which reasonably relied on the ongoing joint venture relationship in closely working with Defendant Qimonda AG and sharing competitively sensitive information. The effect of these acts has been to significantly devalue Altis' intellectual property assets an even Altis itself.

40. As a result of their unfair and unlawful scheme, Defendants have violated California's Unfair Competition Law, Bus. & Prof. Code, § 17200 *et seq.*

41. As a result of their unfair and unlawful scheme, Defendants have breached the fiduciary duty Qimonda AG owed to Altis as a joint venture partner.

42. As a result of their unfair and unlawful scheme, Defendants have intentionally interfered with the continuing contractual relationship between Altis and Adesto to jointly develop CBRAM technologies.

43. As a result of their unfair and unlawful scheme, Defendants have intentionally interfered with Altis' prospective economic advantage from an ongoing joint development relationship with Adesto including CBRAM technologies.

44. As a result of their unfair and unlawful scheme, Defendants have negligently interfered with Altis' prospective economic advantage from an ongoing joint development relationship with Adesto including CBRAM technologies.

45. As a result of their unfair and unlawful scheme, Defendants have been unjustly enriched.

46. Defendants' unfair and/or unlawful actions alleged herein reduce Altis' ability to effectively compete in the memory industry as a manufacturer, service provider, and innovator.

47. Defendants' unfair and/or unlawful actions alleged herein impair competition in the market for innovation because they significantly reduce the motive and momentum of an innovator, such as Altis, to jointly develop certain advanced technologies with other companies.

48. Altis is informed and believes, and on that basis alleges, that it will lose substantial revenues from the sale of CBRAM-related products and other services and will sustain damage as a result of Defendants' unfair and unlawful actions alleged herein.

49. Altis is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants intend to continue their course of conduct to sell or license the intellectual property rights co-owned with Altis through their joint development relationship by wrongfully disclosing Altis Know-How and/or Altis confidential information to a third party to the detriment of Altis.

**FIRST CLAIM**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**

50. Altis hereby restates and realleges the allegations in paragraphs 1 through the immediately preceding paragraph of this amended complaint and incorporates them herein by reference.

51. Defendants' actions and conduct, in particular the wrongful disclosure of Altis Know-How and/or Altis confidential information to a third party such as Adesto in order to facilitate the sale or license of the MRAM and/or CBRAM-related patents co-owned with Altis through their joint development relationship, in violation of a fiduciary duty owing to Altis, constitute business acts or practices which are unfair and unlawful pursuant to California's Unfair Competition Law, Bus. & Prof. Code, § 17200 *et seq*., insofar as the acts are immoral, unethical, oppressive, unscrupulous or substantially injurious to both Altis and consumers.

52. Defendants' actions and conduct, in particular the sale or license of the MRAM and/or CBRAM-related patents co-owned with Altis to third parties, in violation of a fiduciary duty owing to Altis arising from the 2003 JDA where parties specifically agreed to pursue the objective of developing highly competitive memory technology for manufacture by the parties, constitute business acts or practices which are unfair and unlawful pursuant to California's Unfair

Competition Law, Bus. & Prof. Code, § 17200 *et seq*., insofar as the acts are immoral, unethical, oppressive, unscrupulous or substantially injurious to both Altis and consumers.

53. Defendants' actions and conduct, in particular the sale of Qimonda AG's co-ownership of the Patents at Issue to Adesto at with the intent to interfere with the continuing contractual relationship between Altis and Adesto to jointly develop CBRAM technologies, constitute business acts or practices which are unfair and unlawful pursuant to California's Unfair Competition Law, Bus. & Prof. Code, § 17200 *et seq*., insofar as the acts are immoral, unethical, oppressive, unscrupulous or substantially injurious to both Altis and consumers.

54. Defendants' actions and conduct, in particular the sale of Qimonda AG's co-ownership of the Patents at Issue to Adesto with the intent to tortiously interfere with Altis' prospective economic advantage from an ongoing joint development relationship with Adesto, constitute business acts or practices which are unfair and unlawful pursuant to California's Unfair Competition Law, Bus. & Prof. Code, § 17200 *et seq*., insofar as the acts are immoral, unethical, oppressive, unscrupulous or substantially injurious to both Altis and consumers.

55. Defendants' actions and conduct constitute business acts or practices which are unfair and unlawful pursuant to California's Unfair Competition Law, Bus. & Prof. Code, § 17200 *et seq*., insofar as the gravity of the harm caused by Defendants' actions far outweighs any benefit of the conduct.

56. Defendants' actions and conduct constitute business acts or practices which are unfair pursuant to California's Unfair Competition Law, Bus. & Prof. Code, § 17200 *et seq*., insofar as Defendants' actions significantly threaten or harm competition.

57. Due to Defendants' unlawful and/or unfair actions alleged herein, both Altis and consumers were, and continue to be, harmed because Altis is foreclosed or threatened to be foreclosed from continuing to compete in the memory industry as a manufacturer, service provider, and innovator with respect to next generation CBRAM technologies, and thus has lost money or property as a result of Defendants actions.

58. As a result of Defendants' unlawful and/or unfair actions alleged herein, Altis has lost business opportunities and has suffered a diminution in value of its intellectual property assets, and thus has lost money or property as a result of Defendants actions.

59. There are no valid business justifications for Defendants' actions.

60. Unless restrained and enjoined, Defendants' unfair and unlawful actions, as alleged above, will cause Altis irreparable harm.

61. Altis is entitled to an order directing Defendants to cease their unfair and unlawful actions alleged herein.

## SECOND CLAIM

## BREACH OF FIDUCIARY DUTY

62. Altis hereby restates and realleges the allegations in paragraphs 1 through the immediately preceding paragraph of this amended complaint and incorporates them herein by reference.

63. Altis and Qimonda AG had formed a joint venture to co-develop MRAM and CBRAM technologies through multiple agreements between the two, including the 2003 JDA and the 2007 JDA. Through this joint venture relationship, Altis and Qimonda AG agreed to jointly develop CBRAM products and a next generation CBRAM technology.

64. Defendants, by themselves or acting as a licensing arm of Qimonda AG, owe Altis a fiduciary duty to act for the best interest of Altis and Qimonda AG's joint venture.

65. Defendants' actions, in particular the wrongful disclosure of Altis Know-How and/or Altis confidential information to a third party such as Adesto in order to facilitate the sale or license of the CBRAM-related patents co-owned with Altis through their joint development relationship, constitute a breach of fiduciary duty under common law.

66. Defendants' actions, in particular the sale of Qimonda AG's co-ownership of the Patents at Issue or the license of other patents co-owned with Altis to Adesto or other parties, constitute a breach of fiduciary duty under common law.

67. Defendant' actions, in selling and licensing of intellectual property co-owned by Altis to Adesto or other parties, without a limitation on sublicensing of that intellectual property to competitors of Altis, constitute a breach of fiduciary duty under common law.

68. Altis was, and continues to be, harmed as a result of Defendants' actions because Altis is foreclosed or threatened to be foreclosed from continuing to compete in the memory industry as a manufacturer, service provider, and innovator.

69. Altis was, and continues to be, harmed because Defendants' actions have caused Altis to lose business opportunities in the memory manufacturing industry, and have diminished the value of the intellectual property assets held by Altis.

70. Defendants' actions were undertaken with malice or oppression, or with a conscious disregard of Altis' rights, and, therefore, Altis is entitled to an award of exemplary or punitive damages against Defendants in an amount according to proof.

**THIRD CLAIM**

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL OBLIGATIONS**

71. Altis hereby restates and realleges the allegations in paragraphs 1 through the immediately preceding paragraph of this amended complaint and incorporates them herein by reference.

72. Before Defendants' tortious interference, Altis and Adesto had formed a joint venture to co-develop CBRAM technologies as early as 2008.

73. Defendants knew of Adesto's ongoing relationship with Altis before they actively solicited Adesto to purchase and license certain CBRAM-related intellectual property co-owned by Altis and Qimonda through their joint development relationship.

74. Defendants' actions, in particular the sale of Qimonda AG's co-ownership of the Patents at Issue to Adesto with the intent to interfere with the continuing contractual relationship between Altis and Adesto to jointly develop CBRAM technologies, constitute intentional interference with Altis' contractual relationship with Adesto.

75. Defendants' actions, in particular the wrongful disclosure of Altis Know-How and/or Altis confidential information to Adesto in order to facilitate the sale or license of the

CBRAM-related patents co-owned with Altis through their joint development relationship, constitute intentional interference with Altis' contractual relationship with Adesto.

76. Altis was, and continues to be, harmed as a result of Defendants' actions because Altis is foreclosed or threatened to be foreclosed from continuing to compete in the memory industry as a manufacturer, service provider, and innovator.

77. Defendants' actions were undertaken with malice or oppression, or with a conscious disregard of Altis' rights, and, therefore, Altis is entitled to an award of exemplary or punitive damages against Defendants in an amount according to proof.

**FOURTH CLAIM**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

78. Altis hereby restates and realleges the allegations in paragraphs 1 through the immediately preceding paragraph of this amended complaint and incorporates them herein by reference.

79. Before Defendants' tortious interference, Altis and Adesto had formed a joint venture to co-develop CBRAM technologies as early as 2008.

80. Defendants knew, or should have known, of this joint venture relationship and the sale of Qimonda AG's co-ownership of the Patents at Issue to Adesto with the intent to tortiously interfere with Altis' prospective economic advantage from the ongoing joint development relationship with Adesto, constitute intentional interference with Altis' prospective economic advantage.

81. Defendants' actions, in particular the wrongful disclosure of Altis Know-How and/or Altis confidential information to Adesto in order to facilitate the sale or license of the CBRAM-related patents co-owned with Altis through their joint development relationship, constitute intentional interference with Altis' prospective economic advantage.

82. Altis was, and continues to be, harmed as a result of Defendants' actions because Altis is foreclosed or threatened to be foreclosed from continuing to compete in the memory industry as a manufacturer, service provider, and innovator.

83. Defendants' actions were undertaken with malice or oppression, or with a conscious disregard of Altis' rights, and, therefore, Altis is entitled to an award of exemplary or punitive damages against Defendants in an amount according to proof.

**FIFTH CLAIM**

**NEGLIGENT INTEREFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

84. Altis hereby restates and realleges the allegations in paragraphs 1 through the immediately preceding paragraph of this amended complaint and incorporates them herein by reference.

85. Before Defendants' tortious interference, Altis and Adesto had formed a joint venture to co-develop CBRAM technologies as early as 2008.

86. Defendants knew, or should have known, of this joint venture relationship and the sale of Qimonda AG's co-ownership of the Patents at Issue to Adesto with the negligently interfered with Altis' prospective economic advantage from the ongoing joint development relationship with Adesto, constituting negligent interference with Altis' prospective economic advantage.

87. Defendants' actions, in particular the wrongful disclosure of Altis Know-How and/or Altis confidential information to Adesto in order to facilitate the sale or license of the CBRAM-related patents co-owned with Altis through their joint development relationship, constitute negligent interference with Altis' prospective economic advantage.

88. Altis was, and continues to be, harmed as a result of Defendants' actions because Altis is foreclosed or threatened to be foreclosed from continuing to compete in the memory industry as a manufacturer, service provider, and innovator.

89. Defendants' actions were undertaken with malice or oppression, or with a conscious disregard of Altis' rights, and, therefore, Altis is entitled to an award of exemplary or punitive damages against Defendants in an amount according to proof.

**SIXTH CLAIM**

**UNJUST ENRICHMENT**

90. Altis hereby restates and realleges the allegations in paragraphs 1 through the immediately preceding paragraph of this amended complaint and incorporates them herein by reference.

91. Based on the facts as alleged herein and as proven at trial, it would be unjust and otherwise unconscionable for Defendants to enrich themselves at Altis' expense.

92. As a proximate result of Defendants' wrongful actions alleged herein, Defendants have reaped substantial profits and unjustly enriched themselves in an amount according to proof at time of trial, and Altis is therefore entitled to compensation, including interest, costs, and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Altis prays for judgment as follows:

1. Defendants be enjoined from disclosing any Altis Know-How and/or Altis confidential information to any third party through their licensing programs;

2. The Court award restitution, costs, and injunctive relief to Altis as a result of injury due to Defendants' violations of California's Unfair Competition Law, Bus. & Prof. Code, § 17200 *et seq*. in amounts to be ascertained at trial;

3. A judgment be entered against Defendants for Altis' actual damages according to proof, and for any profits attributable to Defendants' wrongful actions; and

4. Awarding Altis all such other, and further, relief as the Court deems just and proper.

Dated: November 21, 2012

Respectfully submitted,

WHITE & CASE LLP

By: *__/s/ Bijal V. Vakil*
Bijal V. Vakil

BIJAL V. VAKIL (Cal. Bar No. 192878)
bvakil@whitecase.com
NOAH A. BRUMFIELD (Cal. Bar No. 203653)
nbrumfield@whitecase.com
JEREMY K. OSTRANDER (Cal. Bar No. 233489)
jostrander@whitecase.com
KAO-YU HSU (Cal. Bar No. 264997)
kaoyu.hsu@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: 650 213 0300
Facsimile: 650 213 8158

Attorneys for Plaintiff
Altis Semiconductor SNC